IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRUCE WAYNE DeVRIES,  \*
ADC #170368,  \*
　　　　　　　　　　　　\*
　　　　Plaintiff,  \*
v.  　　　　　　　　　　\*　　No. 4:18cv00443-SWW-JJV
　　　　　　　　　　　　\*
RODNEY WRIGHT,  \*
Sheriff, Saline County,  \*
　　　　　　　　　　　　\*
　　　　Defendant.  \*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　　　1.　　Why the record made before the Magistrate Judge is inadequate.

　　　　2.　　Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Bruce Wayne DeVries ("Plaintiff"), formerly incarcerated at the Saline County Detention Facility, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges his outgoing mail, both legal and non-legal, was held on at least two occasions, once for approximately three weeks and again for approximately one week. (*Id*. at 4.) He seeks monetary damages. (*Id*. at 6.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

As I noted in a prior Order (Doc. No. 3 at 3-4), Plaintiff's Complaint fails to state a claim upon which relief may be granted. First, Plaintiff names Rodney Wright, Sheriff of Saline County, as Defendant. (Doc. No. 2 at 1.) However, he makes no allegations against Defendant Wright and does not mention him in his "Statement of claim." (*Id*. at 4.) "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011). To the extent Plaintiff intends to suggest Defendant Wright should be held responsible based solely on his position as a supervisory official, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*,

73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Additionally, to the extent Plaintiff intends to state a claim for the denial of his right of access to the courts, his Complaint fails to plead enough facts to state a claim for relief. To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided "an opportunity to litigate a claim" challenging the prisoner's sentence or conditions of confinement in a court of law. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id*. To state a claim, a prisoner must plead the underlying claim that was allegedly frustrated or impeded and identify the remedy sought therein. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). The predicate claim must be "described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. Although Plaintiff alleges letters to his attorney regarding an appeal were delayed, he does not describe the predicate claim well enough to apply the "nonfrivolous" test or to show that it was arguably meritorious.

My prior Order notified Plaintiff of these deficiencies and offered him an opportunity to cure them by filing a superseding amended complaint. (Doc. No. 3 at 3-5.) Plaintiff has not amended his Complaint, despite being warned his Complaint was deficient and would be subject to dismissal absent an amendment. (*Id*. at 6.) Accordingly, and for the reasons set forth above, I recommend Plaintiff's Complaint be dismissed without prejudice for failure to state a claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.	Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."